No. 194.—JOHN W. WANSLEY v. JOHN W. WILLIS.

An unconditional offer to pay a debt is such an acknowledgment as will interrupt the current of prescription. Such offer or acknowledgment may be proved by parol evidence.

APPEAL from the Twelfth Judicial District Court, parish of Franklin. *Crawford*, J. *H. P. Wells*, for plaintiff and appellee. *Morrison & Farmer*, for defendant and appellant.

TALIAFERRO, J. The plaintiff brings suit on a promissory note for the sum of $880, with interest at the rate of eight per cent. per annum from the sixteenth of May, 1861, the day the note fell due. An exception was filed to the legality of the citation, on the ground that the device upon the seal attached or impressed upon the citation does not correspond with that upon the seal of the State. It appears, however, that the words "State of Louisiana, Twelfth District Court, parish of Franklin," are clearly legible on the seal and its impress on the citation. The answer sets up the plea of usury. And lastly the plaintiff is met with the plea of prescription.

Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

The plea of prescription is the only defense deserving much consideration. The plaintiff by his own testimony aims to show an acknowledgment of the debt of the defendant in 1863, and the contest turns upon the construction to be given to what was said by the defendant at that time, it being contended by him that he made no acknowledgment of the debt, but only an effort to pay the note, provided the plaintiff would receive Confederate money. The statement of the plaintiff is in these words: "In the year 1863 defendant acknowledged the debt and offered to pay it in Confederate money, which I refused to take. That was near about the time of the fall of Vicksburg." Under cross-examination he said: "Near the fall of Vicksburg; think it was afterwards; can't say positively. Mr. Willis and I were at Oakley Church in this parish when this conversation took place. There were several near; don't recollect that any one was close to us. Willis was then on his way to Texas, as he stated.

He offered to pay me in Confederate money. He stated he had plenty of it and wanted to settle that. I told him that was not the kind I loaned him. He talked a good deal, trying to get me to take Confederate money. That is all the conversation we had on the subject in 1863."

The language of the witness here is broad and direct that the defendant in 1863 "acknowledged the debt," adding, it is true, in the same sentence, "and offered to pay it in Confederate money;" but taking the plain import of the words used, we understand that the defendant recognized his obligation to pay the debt, and the recognition was not made to depend upon the condition that his creditor would receive Confederate money. The testimony is in substance that he admitted owing the debt, and was desirous to discharge it by the payment of Confederate money. We think there was an acknowledgment of the obligation that interrupted prescription

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.